ELEANOR S. GARSON, as Guardian ad Litem of ROBERTA A. GARSON, an Infant, on Her Own Behalf and on Behalf of All Others Similarly Situated, · Plaintiff, *v.* DOROTHY S. BACKER, Defendant.

Supreme Court, Special Term, Queens County, June 18, 1943. ·

*Guggenheimer, Untermyer & Marshall* for defendant.

· *William J. Block* for plaintiff.

HOOLEY, J. Motion by defendant to change the venue of this action from the county of Queens to the county of New York on the grounds that the county of Queens is not the proper county because this action is for a penalty imposed by statute and the alleged cause of action arose in New York County and, further, that the convenience of witnesses and the ends of justice will be promoted by the change.

The defendant is the publisher and owner of the *New York Post*, which conducted a contest which the plaintiff claims was a lottery and public nuisance under sections 1370 and 1371 of the Penal Law. Suing in a representative capacity for her-

self and all others similarly situated, the plaintiff seeks judgment decreeing that the so-called contest is a lottery and public nuisance, decreeing this to be a representative action, adjudicating the amount of money that defendant has received, pursuant to rule 5 of such contest and by way of entry fees therefor and the purchase price of the issues of such newspapers, directing the defendant to pay such sum so adjudicated together with a like sum, as provided by section 1383 of the Penal Law, to a depository to be named by the court, to be held pending the further order of this court, appointing a referee to determine the names and addresses of the persons entitled to repayment of a share in such fund and to provide for the distribution thereof, making suitable provision for the payment of counsel fees, and directing the defendant to pay to plaintiff's attorneys a double bill of costs as provided by section 1383 of the Penal Law.

The motion for a change of venue is granted. An action to recover a penalty or forfeiture imposed by statute must be tried in the county where the cause of action arose (Civ. Prac. Act, § 184, subd. 1). The action here is brought to recover double damages and double costs. In the complaint it is set forth that it is brought pursuant to the provisions of section 1383 of the Penal Law. In *Wilkinson* v. *Gill* (74 N. Y. 63) the plaintiff brought an action to recover double the sum of money paid and double costs of the suit under the statute against lotteries (Rev. Stat. of N. Y., part I, ch. XX, tit. VII, § 32). An examination of that statute will show that its provisions have now been embodied in section 1383 of the Penal Law. The opinion in that case did not indicate whether or not that was an action to recover a penalty, but in *People* v. *Hines* (284 N. Y. 93, 102), the *Wilkinson* case was considered and the Court of Appeals said concerning it: " *Wilkinson* v. *Gill* (74 N. Y. 63) was a civil action for the recovery of a penalty under a statute permitting such recovery ". That decision is decisive of this motion. This action did not exist at common law. It arises by virtue of a statute, a section of the Penal Law, which is a further indication that it is penal in its nature. The moving party has established that the cause of action arose in New York County.

It becomes unnecessary to consider the other grounds urged by the moving party.